O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR FARMS CALIFORNIA, INC., a California corporation,<br><br>     Plaintiff,<br>vs.<br><br>COOPER'S COLD FOODS, INC., a California corporation; and, ADAM COOPER, an individual,<br><br>     Defendants.<br><br>MONTEREY MUSHROOMS, INC., a California corporation; and, FARMERS LINK, INC., a California corporation,<br><br>     Intervening Plaintiffs,<br>vs.<br><br>COOPER COLD FOODS, INC., a California corporation; and, ADAM COOPER, an individual,<br><br>     Defendants. | Case No. 19-cv-8924 DDP (GJSx)<br><br>**ORDER RE: FINAL JUDGMENT OF ATTORNEYS' FEES AND COSTS**<br><br>[Dkt. 95] |

  Presently before the court is Intervening Plaintiff's Application for Judgment of Attorneys' Fees and Costs, Dkt. 101. After considering the parties submissions and heard oral argument, the court adopts the following order.

**I. BACKGROUND**

The court assumes the parties' familiarity with the facts of this case, which have been set forth more fully in the court's summary judgment Order. (Dkt. 58, 64.) In brief, Intervening Plaintiffs Monterey Mushrooms, Inc. ("Monterey Mushrooms") and Farmers Link, Inc. ("Farmers") filed a Complaint-in-Intervention ("Complaint") against Defendants Cooper's Cold Foods, Inc. ("Cooper's Cold Foods") and Adam Cooper ("Cooper"), seeking to "recover damages for breach of contract and to enforce their rights under the Perishable Agricultural Commodities Act of 1930 ("PACA")." (*See generally* Complaint.) Plaintiffs' Complaint alleged claims for (1) breach of contract, (2) declaratory relief, (3) enforcement of payment from PACA trust assets, (4) failure to maintain PACA trust assets and creation of common fund, (5) failure to pay promptly, (6) breach of fiduciary duty, and (7) unlawful receipt of PACA trust assets. (*Id.*)

Monterey Mushrooms and Cooper filed cross motions for summary judgment. (*See* Dkt. 58-62, 64-67.) Cooper's motion was granted in part, and denied in part. (Dkt. 92, Order.) The court granted Monterey Mushrooms' motion on claims one through six, and concluded that Monterey Mushrooms "is entitled to attorneys' fees and costs, and pre-judgment interest." (*Id.*)

**II. LEGAL STANDARD**

Once a party has established that it is entitled to an award of attorneys' fees, "[i]t remains for the district court to determine what fee is reasonable." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The "starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Id.* This is called the "lodestar" method. The fee applicant must submit evidence of the hours worked and the rates claimed. Although the fee applicant bears the burden of establishing entitlement to an award and documentation of the appropriate hours expended and hourly rates, a prevailing party "is not required to record in great detail how each minute of his time was expended." *Id.* at 437 n. 12. The

2

prevailing party seeking attorneys' fees need only "identify the general subject matter of his time expenditures" to meet its burden of establishing its fee request is reasonable. *Id.* This limited obligation reflects the broader policy that a "request for attorney's fees should not result in a second major litigation." *Id.* at 437.

**III. DISCUSSION**

Having determined that Monterey Mushrooms is "is entitled to attorneys' fees and costs, and pre-judgment interest," the only issue before the court is whether the requested fees are reasonable.

Monterey Mushrooms currently seeks $81,406.14 in attorneys' fees. This represents 266.5 total work hours. The individuals working on this case are attorneys Steven Nurenberg (at $335/hour for 214.70 hours) and Seven De Falco (at $315/hour for 1 hour), and paralegal Luanne Rogers (at $195/hour for 73.40 hours). (Dkt. 95-2, Nurenberg Declaration ("Decl.") ¶ 9.) The court reviewed the detailed invoices submitted by counsel and Nurenberg's declaration describing the nature of the work performed and the experience of the attorneys and paralegal involved. The court finds, and Defendants do not dispute that, the number of hours billed to Monterey Mushrooms is reasonable. Defendants, however, assert several objections which are discussed below.

First, Defendants object to entries that reflect work performed exclusively for Farmers and to entries that refer to "client" but do not specifically identify which client. (Opp. at 3-6.) The court finds that counsel's invoices adequately reflect they either performed tasks for Monterey Mushrooms or for the benefit of both Monterey Mushrooms and Farmers as co-intervening plaintiffs. Counsel would have performed these tasks on behalf of Monterey Mushrooms even in Farmers' absence from this action. Moreover, it is no mystery that when counsel refers to "client" or "clients," they likely refer to Monterey Mushrooms and/or both intervening plaintiffs. The court also finds that counsel sufficiently described the general subject matter of the time expenditure regardless of whether the "client" was specifically identified. The court finds these

3

billing entries reasonable with the exception of one communication exclusively sent to Farmers. The court will therefore reduce the total amount of attorneys' fees by 0.4, but otherwise overrules Defendants' objection.

Second, Defendants argue that Roger's hourly rate of $195 is unreasonable. (Opp. at 6-7.) Nurenberg attests to Roger's experience and skill as a paralegal in his declaration. (*See* Nurenberg Decl. ¶ 6.) Rogers has more than thirty years of experience in the legal field as a Certified Paralegal with a specialty designation in litigation and has worked at Meuers Law Firm, P.L. for nearly ten years. (*Id.*) Moreover, several other courts within the district have held rates of $150 to $276.25 to be reasonable for the work of paralegals depending on their degree of experience and skill. *See, e.g., Whitaker v. 370 N. Canon Drive, LP*, 2020 WL 6130139, at *4 (C.D. Cal. Oct. 8, 2020) (finding $210 for paralegal services reasonable); *Energizer Brands, LLC v. Lumintop Tech. Co.*, 2020 WL 1279456, at *3 (C.D. Cal. Feb. 3, 2020) (holding rate of $259.25 and $276.25 for paralegal with over 28 years of experience in litigation reasonable). The court therefore concludes that Rogers' hourly rate is reasonable.

Finally, Defendants argue that purely clerical or secretarial tasks should be excluded from the lodestar calculation. (Opp. at 7.) "[C]ourts typically exclude time spent on clerical or ministerial tasks because such tasks are properly considered part of an attorney's overhead and are reflected in his or her hourly rate." *Weeks v. Kellogg Co.*, 2013 WL 6531177, at *32 (C.D. Cal. Nov. 23, 2013). Here, the court finds that time spent researching federal dockets for case filings, preparing memorandum and communications to process servers, and working with the courts with respect to bar admission and appearances are substantive, billable tasks. *See, e.g., Sandler Partners, LLC v. Masergy Commc'ns, Inc.*, 2020 WL 7347869, at *3 (C.D. Cal. Sept. 30, 2020) ("[T]ime entries that involve researching and drafting correspondence and legal documents or a paralegal cite checking motions . . . are, in fact, billable tasks."). The parties do not dispute that the electronic filing of documents is clerical and should therefore be

4

excluded from the total fee award.  Thus, the court excludes 0.7 hours devoted to such tasks.

**IV. CONCLUSION**

    For the reasons stated above, Monterey Mushrooms' Application for Judgment of Attorneys' Fees and Costs is GRANTED, in part.  The court awards Monterey Mushrooms reasonable attorneys' fees in the amount of $81,135.64, costs in the amount of $1,285.28 plus $7.35 in post-delivery fees, for a total judgment of $82,428.27 plus post-judgment interest at the rate set forth by 28 U.S.C. § 1961.

**IT IS SO ORDERED.**

Dated:   November 8, 2021

_____
DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

5